IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2019

**STATE OF TENNESSEE v. AARON LONG**

**Appeal from the Circuit Court for Fayette County**
**No. 18-CR-65      J. Weber McCraw, Judge**

_____

**No. W2018-01387-CCA-R3-CD**

_____

The defendant, Aaron Long, appeals the denial of his request for judicial diversion by the Fayette County Circuit Court. The defendant contends the trial court erred in denying his request for diversion by improperly relying on two previous misdemeanor convictions for which he served no jail time. After our review, we affirm the trial court's denial and imposition of an effective three-year sentence of supervised probation. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

J. Colin Rosser, Somerville, Tennessee, for the appellant, Aaron Long.

Herbert H. Slatery III, Attorney General and Reporter; Brent Cherry, Senior Assistant Attorney General; Mark E. Davidson, District Attorney General; and Falen Chandler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

The defendant was indicted for and pled no contest to two counts of child abuse and neglect committed against his minor sons on May 8, 2017. Tenn. Code Ann. § 39-15-401. Prior to entering the plea, the defendant filed a "Brief on the Issue of Diversion" wherein he argued he qualified for judicial diversion. Within the brief, the defendant acknowledged two, prior Class A misdemeanor theft convictions entered against him on August 12, 2003 and April 19, 2010. Despite the prior convictions, the defendant

maintained he qualified for judicial diversion because he did not serve any jail time for the same. Tenn. Code Ann. § 40-35-313(a)(1)(B)(i)(d). Additionally, the defendant noted the presentence report identified him as a "low risk factor."

At the plea hearing, the trial court reviewed the presentence report and considered the agreed-upon sentence of three years for each conviction as offered by the parties. The State, however, explained the parties had "not agreed upon diversion or not," and the defendant confirmed he intended to proceed with the no contest plea regardless of the granting of diversion. The State presented the following facts for the record:

Had this matter gone to trial, the State would have introduced proof that Investigator Tim Neill with the Fayette County Sheriff's Department, along with Dorothy Long and her two children with the initials "AL," date of birth 09/07/08, and "JL," date of birth 07/08/2012, that on or about May 8, 2017, Investigator Neill responded to 201 Lakeview Road where Dr. Derek Pendleton's office is located on a juvenile complaint. Upon arrival, Investigator Neill spoke with Dorothy Long who advised that her two sons, "AL" and "JR" (sic), were physically abused by their biological father, [], the defendant, while they were at his home.

When her sons returned home, "AL []" was complaining that his leg and butt were hurting because his dad had whipped him. Ms. Long noticed that "AL []" had bruises on his legs and buttock area. Ms. Long also noticed bruises on the upper and lower buttocks of "JL." According to "AL []" they were whipped after they got out of the bathtub while unclothed with an unknown object. "AL []" stated that he got a whipping because "JL" lied and said that he downloaded a game on the iPad and his dad told him not to. He also stated that "JL" got a whipping because he pee-peed in his clothes. Investigator Neill did notice visible bruising and open abrasions on the right to mid-thigh area, upper left, and side buttocks area as well as the lower left leg area of "AL []." There were also bruises on "JL's" legs.

This did occur in Fayette County. Had this matter gone to trial, the State feels confident it would have met its burden of proof and ask[s] the [c]ourt to accept this plea and sentence.

The trial court conducted a plea colloquy wherein the defendant waived his right to a jury trial and testified he understood the terms of the no contest plea for two Class D felonies for child abuse and neglect. The trial court accepted the plea and then addressed

- 2 -

diversion.[1]  In doing so, the trial court reviewed the presentence report, a report by the Tennessee Bureau of Investigation ("TBI"), and affidavits offered by the defendant. Regarding the presentence report, the State objected to the "Strong-R assessment" which suggested the defendant "has not displayed any threatening, aggressive, or violent behaviors within the last five years" based upon "the plea entered here today."  The trial court noted the TBI report indicated the defendant served time for the theft conviction entered in 2010.  The defendant, however, disputed the same and offered affidavits indicating the Fayette County Jail had no record of him serving jail time for the 2010 conviction.  The State offered photographs of the victims' injuries for consideration.

Upon its review, the trial court denied the defendant's request for diversion and imposed concurrent, three-year sentences for each conviction.  The trial court, however, suspended the defendant's sentences to 2 years and 362 days of supervised probation.[2] Additionally, the trial court imposed a $500 fine for each conviction and ordered the defendant to complete anger management and parenting classes.  The defendant timely appealed.

*Analysis*

On appeal, the defendant asserts the trial court abused its discretion in denying judicial diversion, asserting he was eligible for the same.  The defendant further contends the trial court incorrectly relied on two prior misdemeanors for which he served no jail time, erroneously weighed the prior convictions against the factors in support of granting diversion, and "did not explain why this factor weighed more . . . than the other factors." The State argues the trial court did not abuse its discretion, and we agree.

Our standard of review of the trial court's sentencing determinations in this case is whether the trial court abused its discretion, but we apply a "presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012).  The application of the purposes and principles of sentencing involves a consideration of "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5).  Trial courts are "required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.'" *Bise*, 380 S.W.3d at 706 n.41 (citing Tenn.

_____

[1]We note, the judgment forms indicate the defendant pled guilty whereas the plea paperwork shows the defendant entered a "plea of no contest."

[2]The defendant received three days of jail credit for May 10 through 12, 2017.

- 3 -

Code Ann. § 40-35-210(e)). Under the holding in *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709. The *Bise* standard of review applies to "appellate review for a trial court's sentencing decision to either grant or deny judicial diversion," *State v. King*, 432 S.W.3d 316, 325 (Tenn. 2014), and to "questions related to probation or any other alternative sentence," *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

Judicial diversion is a means by which qualified defendants may avoid a criminal record following a guilty plea or conviction by successfully completing a period of probation and payment of court-imposed supervision fees. Tenn. Code Ann. § 40-35-313. "Qualified defendant" is a statutorily defined term referring to a defendant who:

(a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought;

(b) Is not seeking deferral of further proceedings for any offense committed by any elected or appointed person in the executive, legislative or judicial branch of the state or any political subdivision of the state, which offense was committed in the person's official capacity or involved the duties of the person's office;

(c) Is not seeking deferral of further proceedings for a sexual offense, a violation of § 39-15-502, § 71-6-117, § 71-6-119, or § 39-15-508, driving under the influence of an intoxicant as prohibited by § 55-10-401, vehicular assault under § 39-13-106 prior to service of the minimum sentence required by § 39-13-106, or a Class A or B felony;

(d) Has not previously been convicted of a felony or a Class A misdemeanor for which a sentence of confinement is served; and

(*e*) Has not previously been granted judicial diversion under this chapter or pretrial diversion.

Tenn. Code Ann. § 40-35-313(a)(1)(B)(i). Diversion requires the consent of the qualified defendant. *Id.* § 40-35-313(a)(1)(A). "Eligibility under the statute does not, however, constitute entitlement to judicial diversion; instead, the decision of whether to grant or deny judicial diversion is entrusted to the discretion of the trial court." *King*, 432 S.W.3d at 323 (citing Tenn. Code Ann. § 40-35-313(a)(1)(A) ("The court *may* defer proceedings against a qualified defendant...." (emphasis added)); *State v. Teresa Turner*, No. M2013-00827-CCA-R3-CD, 2014 WL 310388, at *4-5 (Tenn. Crim. App. Jan. 29, 2014)).

- 4 -

Following a determination that the defendant is eligible for judicial diversion, the trial court must consider,

> "(a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice – the interests of the public as well as the accused."

*Id.* at 326 (quoting *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996)). "Further, the trial court must weigh the factors against each other and place an explanation of its ruling on the record." *Id.* (citing *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998)). Adoption of the *Bise* standard of review for judicial diversion "did not abrogate the requirements set forth in *Parker* and *Electroplating*, which are essential considerations for judicial diversion." *Id.* The trial court need not "recite all of the *Parker* and *Electroplating* factors when justifying its decision on the record in order to obtain the presumption of reasonableness," however, "the record should reflect that the trial court considered the *Parker* and *Electroplating* factors in rendering its decision and that it identified the specific factors applicable to the case before it." *Id.* at 327.

In reviewing the trial court's sentencing determinations, we are unable to find an abuse of discretion as the record makes clear the trial court carefully considered the *Parker* and *Electroplating* before denying judicial diversion. After determining the defendant to be "qualified" for judicial diversion, the trial court addressed the *Parker* and *Electroplating* factors, as follows:

> The [c]ourt is required to consider several things in determining whether to grant or deny judicial diversion so I will go through those factors. First, the [c]ourt looks to the accused's amenability to correction. The [c]ourt does note he has two prior Class A misdemeanors. One was in 2003; one was in 2010. So with regard to his amenability to correction it does show that not only has he committed one Class A misdemeanor, then he's committed another. He does have several traffic violations. The [c]ourt notes that just so the record is accurate that he does have other convictions, just to correct the record, but the [c]ourt really does not focus on his speeding tickets as a reason to consider or -- in considering the judicial diversion, but he does have two different convictions, so the [c]ourt

- 5 -

is concerned about his amenability to correction because now he's here on a third offense, now it's a felony.

Circumstances of the offense, it is an abuse situation. It does involve younger children which is of concern to the [c]ourt. Again, the [c]ourt is to look at the accused's criminal record. I've touched on it. He does have a prior criminal record. While technically he may be eligible for consideration, he does have a criminal record. Social history, I don't know of any reason why there's a negative on the social history so that does not factor against him. The status of the accused's physical and mental health, I don't know of any physical or mental health issue that would be a negative. Deterrence value to the accused as well as to others, well, there's always some deterrent value that's out there, somewhat neutral on whether or not that's a factor. Certainly, we all recognize child abuse is an issue as is any criminal offense and the Legislature has made child abuse something that can be considered, so really there's no positive or negative either way on that. And, then, lastly, whether judicial diversion will serve the interests of the public as well as the accused, you know, I understand [the defendant's] desire to keep the felony off his record. To me, he's had two chances to have kept a good clean record but again he has violated the law. [Defense counsel] argues that the gentleman was younger and maybe not as wise as any of us were at that time but along that argument then while we may not have been real bright when we were young, we didn't commit crimes that were misdemeanors and now a felony, so I think the [c]ourt has to look at all these factors. The [c]ourt does weigh all of them and the things that weigh most heavily is he's already been convicted of two Class A misdemeanors. Therefore, I don't find he's a good candidate for judicial diversion so that request is denied.

As noted above, the trial court determined three factors weighed against the defendant and his request for judicial diversion: the defendant's amenability to correction, the defendant's criminal history, and whether diversion would serve the ends of justice. In weighing these factors, the trial court considered the presentence report which indicated the defendant had two prior Class A misdemeanor convictions and numerous traffic violations. These prior crimes "concerned" the trial court in relation to the defendant's amenability to correction as the trial court noted the defendant continued to commit crimes which were increasing in severity. The trial court also found the physical abuse committed by the defendant against his two minor children to be "of concern." Turning to the remaining *Parker* and *Electroplating* factors, including the defendant's social history, his physical and mental health, and the deterrence value to others, the trial court considered each factor to be "neutral" in its sentencing

determination. The trial court ultimately determined the defendant's prior criminal history and his low amenability to correction outweighed the other factors considered. *King*, 432 S.W.3d at 326. Accordingly, the record demonstrates the trial court carefully considered the relevant *Parker* and *Electroplating* factors before denying judicial diversion and imposing suspended, concurrent sentences of three years for each conviction.

While the defendant is correct in arguing his prior misdemeanor convictions did not disqualify him from consideration for judicial diversion, merely qualifying for diversion does not resolve the issue. *Id.* Rather, upon finding the defendant eligible for judicial diversion, the trial court was required to consider if diversion was warranted by weighing the *Parker* and *Electroplating* factors, and the record on appeal demonstrates the trial court did just that. *Id.* (quoting *Parker*, 932 S.W.2d at 958). As such, the defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE